UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 6:10-cr-00275
                                  CIVIL ACTION NO. 6:13-cv-02335

VERSUS                            JUDGE FOOTE

JOEL LANCE ROY                    MAGISTRATE JUDGE HANNA


## REPORT  AND  RECOMMENDATION


Pending before this Court is Joel Lance Roy's motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  (Rec. Doc. 63).  The matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  The respondent was served and has filed an answer as well as a memorandum in response to the motion.  (Rec. Doc. 67).  For the following reasons, it is recommended that the motion be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The defendant, Joel Lance Roy, was indicted on September 15, 2010.  He was charged in Counts 1 and 2 with attempting to entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b), and he was charged in Count 3 with attempting to transfer obscene material to a minor in violation of 18 U.S.C. §

1470.  (Rec. Doc. 1).  The charges were based on Mr. Roy's having engaged in online conversations for several months with a person that he thought was a fourteen-year-old girl but was actually an officer with the Tulare County, California Sheriff's Office.  The conversations included sexual content, with Mr. Roy describing specific sexual acts that he desired to engage in if they were together.  He also sent nude photographs of himself to the undercover officer, performed self-gratifying sexual acts on a live web cam while instant messaging with the undercover officer, and sent panties purchased from Victoria's Secret to the undercover officer via UPS along with a web cam to be used by the person he thought was a minor female to use in recording sexually explicit photographs of herself.

On March 13, 2012, Mr. Roy pleaded guilty to Count 3 of the indictment. (Rec. Doc. 44, 46).  On July 6, 2012, he was sentenced to 72 months of imprisonment to be followed by three years of supervised release, and Counts 1 and 2 of the indictment were dismissed.  (Rec. Doc. 54, 58).  Mr. Roy did not appeal, but he filed this timely motion for *habeas corpus* relief.

## ISSUES PRESENTED

Mr. Roy does not contend that he is not guilty of the crime of which he was convicted.  Instead, he complains that his counsel provided ineffective assistance in the following five ways:

-2-

1.      by failing to object to the lack of evidentiary support for Counts 1 and 2 of the indictment;

2.      by failing to seek dismissal of Counts 1 and 2 of the indictment;

3.      by failing to raise, before the trial court or on appeal, the government's alleged breach of the plea agreement;

4.      by failing to object at sentencing or on appeal to the sentencing judge's reference to Mr. Roy's need for correctional treatment; and

5.      by failing to object at sentencing or on appeal to the alleged improper application of the sentencing guidelines.

## APPLICABLE LAW AND DISCUSSION

### A.    THE SCOPE OF § 2255 RELIEF

Following conviction and exhaustion or waiver of the right to file a direct appeal, the court presumes that a defendant stands fairly and finally convicted.[1] Under 28 U.S.C. § 2255, there are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence:  (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4)

---

[1]      *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

claims that the sentence is otherwise subject to collateral attack.[2]   Relief under Section 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.[3]

Issues that are raised and disposed of in a direct appeal from an original judgment of conviction are not considered in Section 2255 motions.[4]   Likewise, the failure to raise a claim at trial or on appeal generally results in a waiver of the claim.[5] "A defendant may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause for his procedural default, and 'actual prejudice' resulting from the error."[6]   "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect

---

[2]      28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[3]      *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

[4]      *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)*; United States v. Segler*, 37 F.3d at 1134.

[5]      *United States v. Vaughn*, 955 F.2d at 368; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

[6]      *United States v. Segler,* 37 F.3d. 1133 (quoting *United States v. Shaid*, 937 F.2d at 232).

does not last only until 'the next in a series of endless postconviction collateral attacks.'"[7]

There are three recognized exceptions to the cause and prejudice requirement: (1) extraordinary cases in which a constitutional error has probably resulted in the conviction and incarceration of someone who is actually innocent;[8] (2) cases in which the government fails to object to the consideration of newly-raised issues;[9] and (3) cases raising certain constitutional claims that may only be adequately addressed on collateral attack, such as ineffective assistance of trial counsel.[10]  Otherwise, "[i]f the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice."[11]

## B.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them."[12]  When

---

[7]      *United States v. Shaid*, 937 F.2d at 232 (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

[8]      *United States v. Carrier*, 477 U.S. at 496; *United States v. Shaid*, 937 F.2d at 232.

[9]      *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

[10]      *United States v. Riascos*, 76 F.3d 93, 94-95 (5th Cir. 1996).

[11]      *United States v. Segler*, 37 F.3d at 1133 (quoting *United States v. Schaid,* 937 F.2d at 232 n.7).

[12]      *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001).

a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated.[13]   The right to effective counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[14]

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) that his attorney's representation was deficient because it fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant.[15]   The defendant bears the burden of establishing both prongs of the test, and failure to establish either prong is fatal to the claim.[16]   The parts of the test need not be analyzed in any particular order, and there is no need to consider the remaining part once an insufficient showing has been made concerning the other one.[17]

---

[13]     *Johnson v. Zerbst*, 304 U.S. 458, 469 (1938); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

[14]     *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

[15]     *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  See, also, *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000); *United States v. Garcia*, 77 F.3d 857, 859 (5th Cir. 1996).

[16]     *United States v. Franks*, 230 F.3d at 813; *Tucker v. Washington*, 115 F.3d 276, 280 (5th Cir. 1997).

[17]     *Goodwin v. Johnson*, 132 F.3d 162, 173 at n. 6 (5th Cir. 1998).

In analyzing the professional competence aspect of the test, judicial scrutiny of an attorney's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time."[18]  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[19]

To satisfy the prejudice aspect of the test, the defendant must demonstrate that his attorney's actions or inactions were "so serious as to render the proceedings unreliable and fundamentally unfair."[20]  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not prejudice the defense."[21]  Prejudice is demonstrated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[22]

---

[18]     *Strickland v. Washington*, 466 U.S. at 689.

[19]     *Strickland v. Washington*, 466 U.S. at 689.

[20]     *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994).  See, also, *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994), citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[21]     *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

[22]     *Strickland v. Washington*, 466 U.S. at 694.

A petitioner's allegations of ineffective assistance of counsel must be supported by the record,[23] and bald, conclusory allegations are insufficient.[24]

## C.   MR. ROY'S CLAIMS LACK MERIT

**Ground 1.**   Counsel's Failure to Object to the Lack of Evidentiary Support for Counts 1 and 2 of the Indictment

Mr. Roy contends that his trial counsel was ineffective for failing to object, at sentencing, to certain statements made by the prosecutor.  If Mr. Roy would have been convicted on either Counts 1 or Count 2 of the indictment, he would have received a mandatory ten-year minimum sentence.[25]  Pursuant to the plea agreement, however, Counts 1 and 2 were dismissed, and Mr. Roy pleaded guilty to Count 3, which carried a maximum sentence of ten years of imprisonment.[26]  At sentencing, the prosecutor  asked the judge "to sentence the defendant close to the new guideline range," explaining that if the charges on Counts 1 and 2 had stood, Mr. Roy would be facing approximately 135 months in prison, but the dismissal of those charges reduced his sentence to a maximum of 120 months.[27]  The judge then said, "You're

---

[23]      *United States v. Johnson*, 679 F.2d 54, 58 (5th Cir. 1982).

[24]      *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *United States v. Flores*, 135 F.3d 1000, 1006-07 (5th Cir. 1998).

[25]      18 U.S.C. 2422(b).

[26]      18 U.S.C. 1470.

[27]      Rec. Doc. 60 at 64-65.

saying he already got that break and so the Court shouldn't give him another break."[28]

The prosecutor replied:

> I'm not necessarily even saying that.  I'm saying the Court should consider the fact that he's already gotten that break. He got a reduction from where his guideline range would have been if we would not have allowed him to enter into the plea that he's entered into today and that we should not be thinking that he's now going to get a secondary reduction from the 120 months that the sentencing range has already been reduced to.

Mr. Roy argues that his counsel should have objected to this comment because there was insufficient evidence to convict him on Counts 1 and 2 and, consequently, he was never really facing a prison term exceeding ten years in length.

To prove that Mr. Roy committed the crime charged in Counts 1 and 2, the government would have been required to establish that the defendant "(1) acted with the culpability required to commit the underlying substantive offense and (2) took a substantial step toward its commission."[29]  In other words, conviction on this charge requires proof that the defendant intended to persuade, induce, entice, or coerce a person that he thought was a minor to engage in criminal conduct and also that he "took a substantial step toward that persuasion or enticement."[30]  A "substantial step"

---

[28]    Rec. Doc. 60 at 65.

[29]    *United States v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009).

[30]    *United States v. Barlow*, 568 F.3d at 219.

is defined as "conduct which strongly corroborates the firmness of defendant's criminal attempt"[31] but excludes "mere preparation."[32]  To establish that a substantial step was taken, it is not necessary to show that actual sexual contact occurred or that travel or preparations for travel occurred; all that is required is that the defendant sought to persuade the minor to engage in sexual contact.[33]

Mr. Roy contends that he never took a substantial step sufficient to satisfy the statutory requirement and support conviction on Counts 1 and 2.  He, therefore, argues that his trial counsel was ineffective for failing to object when the prosecutor suggested at sentencing that he had already received a "break" or reduction in sentencing with the dismissal of Counts 1 and 2.

The record reflects that the actual sentence imposed was 72 months, significantly below the potential sentence of 120 months.[34]  Therefore, the judge did not comply with the prosecutor's request that a sentence close to the maximum allowable sentence be imposed.  In the judge's words, the sentence was "a significant

---

[31]      *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001).

[32]      *United States v. Broussard*, 669 F.3d 537, 547 (5th Cir. 2012); *United States v. Barlow*, 568 F.3d at 219.

[33]      *United States v. Broussard*, 669 F.3d 537, 548 (5th Cir. 2012).

[34]      Rec. Doc. 60 at 68.

variance from the guideline range of 120 months."[35]  There is no evidence that the judge considered the prosecutor's comments when fashioning the sentence, and there is no evidence that the sentence would have been even lower had the prosecutor not made the comments.

Since Mr. Roy cannot demonstrate that he was prejudiced by the prosecutor's statement or by his attorney's failure to object to the statement, his attorney's failure to object to the comments cannot be classified as ineffective assistance of counsel. This claim lacks merit.

**Ground 2.**   Counsel's Failure to Seek Dismissal of Counts 1 and 2 of the Indictment

Ground 2 is closely related to Ground 1.   Mr. Roy contends that his trial counsel was ineffective for failing to seek dismissal of Counts 1 and 2 of the indictment because there was insufficient evidence to prove the elements of the statute under which he was charged in those counts.   Mr. Roy does not argue that there was any jurisdictional or constitutional error in the indictment.   His only argument concerns the sufficiency of the evidence concerning the elements of the offense with which he was charged in those two counts.

---

[35]        Rec. Doc. 60 at 66.

An indictment is sufficient if it sets forth the elements of the offense charged, fairly informs the defendant of the charge he must meet, and precludes the risk of future prosecutions for the same offense.[36]  Unless the defendant is objecting to the indictment on the basis that the court lacks jurisdiction or the indictment fails to actually charge a crime,[37] a defendant must object to an indictment prior to trial,[38] and failure to object at that time constitutes waiver of the objection.[39]  Mr. Roy does not argue that the indictment itself was insufficient in any way; instead, he argues that his counsel was ineffective in failing to seek dismissal of the indictment on the basis that the evidence was insufficient to prove the elements of the crime charged in the indictment.[40]

Mr. Roy cannot show that his counsel was ineffective for failing to file a motion seeking dismissal of the indictment.  Whether to file a pretrial motion is a strategic decision, subject to a presumption that the decision constitutes reasonable

---

[36]        *United States v. Alford*, 999 F.2d 818, 823 (5th Cir. 1993); *United States v. Green*, 964 F.2d 365, 372 (5th Cir. 1992).

[37]        Fed. R. Crim. P. 12(b)(3)(B).

[38]        Fed. R. Crim. P. 12(b)(3)(B).

[39]        Fed. R. Crim. P. 12(e); *United States v. Creech*, 408 F.3d 264, 270 (5th Cir. 2005) (holding that the defendant waived his objection to the indictment by not raising it prior to trial); *United States v. Baytank (Houston), Inc*., 934 F.2d 599, 608-09 (5th Cir.1991).

[40]        Rec. Doc. 155-1 at 5.

trial strategy."[41]   More particularly, whether to file a motion seeking to quash an indictment is a matter of professional judgment, to be exercised in the light of the attorney's legal knowledge.[42]   Furthermore, counsel is not required to file futile motions.[43]

As noted above, Mr. Roy argues that his counsel should have sought to quash the indictment as to Counts 1 and 2 because his actions did not constitute the crime of attempting to entice a minor to engage in criminal sexual activity since he never took a "substantial step" toward the commission of that crime.  He does not explain what, in addition to the actions set forth in the factual basis for his plea agreement, would have been required to establish a substantial step.

Although Mr. Roy seeks to categorize the issue of whether he took the necessary "substantial step" as a legal question, the undersigned finds that what he did or did not do is a matter of fact.  Therefore, whether he took a "substantial step"

---

[41]     *United States v. Taylor*, No. 2:12-0654, 2012 WL 5438943, at *10 (W.D. La., Sept. 6, 2012), citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984); and *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th  Cir. 1985).

[42]     *Williams v. Beto*, 354 F.2d 695, 703 (5th Cir. 1965).

[43]     *Murray v. Maggio*, 736 F.2d at 283.

-13-

is a factual issue that should have been left to the jury to decide[44] and was not the proper subject for a pretrial motion to quash part of the indictment.

Finally, Mr. Roy has not shown that he was prejudiced by his counsel's decision not to seek to quash the indictment as to Counts 1 and 2.  As a part of his agreement to plead guilty to Count 3 of the indictment, Counts 1 and 2 were dismissed.  Thus, Mr. Roy achieved the same goal without the necessity of filing a motion to quash the indictment.  Filing a motion to quash the part of the indictment charging him with Counts 1 and 2 would, therefore, have been futile.

Based on the record before this Court, Mr. Roy has not overcome the presumption that his lawyer's decision not to file a motion seeking to quash Counts 1 and 2 of the indictment was not reasonable trial strategy, nor has Mr. Roy shown that he was prejudiced by that decision.  Therefore, Mr. Roy has not established that his counsel was ineffective for failing to file such a motion.

**Ground 3.**   Counsel's Failure to Raise the Government's Alleged Breach of the Plea Agreement

Mr. Roy argues that his counsel was ineffective for failing to argue at sentencing that the plea agreement was breached when the prosecutor mentioned that Counts 1 and 2 of the indictment were going to be dismissed and suggested that the

---

[44]      See *United States v. Jarrett*, No. 3:12-cr-144, 2013 WL 1117871 at *5 (E.D. Tenn. Jan. 18, 2013);

dismissal of those charges was a "break" given by the government to the defendant. Mr. Roy contends, as discussed above, that he was wrongly charged in Counts 1 and 2 because there was insufficient evidence to support a conviction on those counts. In Ground 3, he expands that contention with two arguments. First, Mr. Roy argues that once the plea agreement was reached, no mention of the benefit received through dismissal of the charges should have been made at sentencing on the remaining charge. Second, he argues that, because there was insufficient evidence to support the charges in Counts 1 and 2 of the indictment, he gained nothing from the government's agreement to drop Counts 1 and 2. He further argues that his counsel was ineffective for failing to provide adequate advice concerning whether he should plead guilty.

At the change of plea hearing, the judge asked Mr. Roy certain specific questions.

| | |
|---|---|
| THE COURT: | Mr. Roy, have you had ample opportunity to discuss your case with Mr. Block [Mr. Roy's counsel]? |
| THE DEFENDANT: | Yes, I have. |
| THE COURT: | Are you satisfied with his representation of you? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Are you very satisfied? |

THE DEFENDANT:     Yes, Your Honor.[45]

Based on this exchange and Mr. Roy's answers to other questions, the court found that Mr. Roy's guilty plea was knowing and voluntary.[46]

When a defendant appears in open court and engages in a plea colloquy with the court, the defendant's attestations regarding voluntariness are not an absolute bar to his later asserting a claim that the plea was coerced, but the defendant faces a heavy burden in proving that he is entitled to relief because the testimony in open court carries a strong presumption of verity.[47]  Mr. Roy engaged in a colloquy with the court and also signed a written plea agreement[48] and an affidavit of understanding of the maximum penalty.[49]  His testimony in open court concerning the voluntariness of his plea and these documents must be accorded great evidentiary weight.[50]  Both the statements made during the plea colloquy and the signed documents support the conclusion that Mr. Roy's plea was voluntary.  Even when a defendant's trial counsel

---

[45]     Rec. Doc. 44 at 6.

[46]     Rec. Doc. 44 at 21.

[47]     *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994), citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[48]     Rec. Doc. 48.

[49]     Rec. Doc. 48-1.

[50]     *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

-16-

renders totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.[51]  The voluntariness of a plea can be demonstrated by showing that the defendant understood the charge and the consequences that would befall him should he plead guilty.[52]

In this case, the written plea agreement, the written affidavit of understanding of maximum penalty, and the plea colloquy all support the conclusion that Mr. Roy voluntarily pleaded guilty.  They indicate that he understood the charges against him, understood the consequences that might befall him, and made the plea freely.  He has presented no contrary evidence.  Consequently, the undersigned finds that Mr. Roy's plea was freely given, rendering any ineffective assistance of his trial counsel concerning the plea immaterial.

The parties correctly agree that the Fifth Circuit applies general principles of contract law in interpreting the terms of a plea agreement.[53]  "To determine whether the terms of a plea bargain have been violated, this Court considers whether the Government's actions are consistent with the defendant's reasonable understanding

---

[51]     *DeVille v. Whitley*, 21 F.3d at 659, citing *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984), and *Diaz v. Martin*, 718 F.2d 1372, 1379 (5th Cir. 1983).

[52]     *DeVille v. Whitley*, 21 F.3d at 657.

[53]     *United States v. Barnes*, 730 F.3d 456, 457 (5th Cir. 2013); *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011).

-17-

of the plea agreement."[54]  Furthermore, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, [the] promise must be fulfilled."[55]

> In interpreting a contract, this court looks to the language of the contract, unless ambiguous, to determine the intention of the parties.   Although circumstances surrounding the agreement's negotiations might indicate the intent of the parties, parol evidence is inadmissible to prove the meaning of an unambiguous plea agreement. Thus, when a contract is unambiguous, this court generally will not look beyond the four corners of the document. The defendant bears the burden of demonstrating the underlying facts that establish breach by a preponderance of the evidence.   If the Government breaches a plea agreement, the defendant is entitled to specific performance of the agreement with sentencing by a different judge.[56]

Mr. Roy presented no evidence tending to show that the plea agreement included an agreement by the government not to mention the dismissed counts at sentencing.  The written plea agreement contains no such condition, and it also states that "[n]o other agreement, understanding, promise, or condition exists. . . ."[57]  At the

---

[54]      *United States v. Barnes*, 730 F.3d at 457.

[55]      *United States v. Barnes*, 730 F.3d at 457, citing *Santobello v. New York*, 404 U.S. 257, 262 (1971).

[56]      *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (internal quotation marks and citations omitted).

[57]      Rec. Doc. 48.

-18-

change of plea hearing, the conditions for the plea were reiterated, and nothing was mentioned about the government agreeing not to discuss the dismissal of Counts 1 and 2 at sentencing.[58] During that hearing, the court asked the government's attorney to explain the plea agreement.  His summary of the agreement did not include a restriction on the government discussing the charges that were to be dismissed.[59] Mr. Roy's counsel expressly agreed with the government's synopsis.[60] Mr. Roy was also asked whether he agreed with the summary provided by the government attorney, and he said that he did.[61] Mr. Roy was then asked if "anyone made any promise to you other than the plea agreement that induced you to plead guilty."[62] He stated that no other promises had been made.[63] The court also addressed the charges that were being dropped.

> THE COURT:  You understand if the government is agreeing not to prosecute other counts or charged in the indictment, this conduct might nonetheless be

---

[58] Rec. Doc. 44 (transcript of the change of plea hearing).

[59] Rec. Doc. 44 at 16.

[60] Rec. Doc. 44 at 17.

[61] Rec. Doc. 44 at 17.

[62] Rec. Doc. 44 at 17.

[63] Rec. Doc. 44 at 17.

considered in the presentence
report and might increase the
sentence to be imposed. . .?

THE DEFENDANT:    Yes, I understand.[64]

Thus, the judge explained to Mr. Roy, at the change of plea hearing, that his sentence
might be impacted by conduct on which the charges against him were based even if
some of the counts of the indictment were dismissed.   Logically, that might
necessitate discussion of the dismissed charges at sentencing.   Accordingly, the
undersigned finds that the plea agreement did not contain an agreement that the
government would not mention the dismissal of Counts 1 and 2 at sentencing.

Mr. Roy's second argument is that there was no *quid pro quo* given by the
government in exchange for Mr. Roy's agreeing to plead guilty to Count 3 of the
indictment because there was insufficient evidence to support Counts 1 and 2.  Mr.
Roy fails to consider that removing the necessity of preparing for and going to trial
was also an inducement for Mr. Roy's guilty plea.  Furthermore, there is no evidence
that the government failed to do anything that it agreed to do in the plea agreement.
Accordingly, the undersigned finds that there is no evidence that the agreement was
breached.

---

[64]     Rec. Doc. 44 at 18.

An attorney is not ineffective when he fails to raise a meritless claim.  Counsel is not deficient for failing to press a frivolous point,[65] is not required to file meritless motions,[66] and is not required to make futile motions or objections.[67]  In this case, there was no basis for asserting that the government breached the plea agreement; accordingly, Mr. Roy's counsel was not ineffective when he failed to raise that argument at sentencing or at any time thereafter.

**Ground 4.**  Counsel's Failure to Object to the Sentencing Judge's Reference to Correctional Treatment

Mr. Roy contends that his counsel provided ineffective assistance by failing to object at sentencing or to raise on appeal the sentencing judge's reference to his need for "correctional treatment."  When imposing a sentence of imprisonment, a federal court must consider the factors enumerated in 18 U.S.C. § 3553(a).[68]  "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."[69]  Those purposes are:

---

[65]     *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995).

[66]     *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

[67]     *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

[68]     *United States v. Wooley*, 740 F.3d 359, 363 (5th Cir. 2014).

[69]     18 U.S.C. § 3553(a).

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
. . . .[70]

The sentencing court must also recognize, however, that 18 U.S.C. § 3582(a) instructs that imprisonment is not an appropriate means of promoting correction and rehabilitation.[71]  Accordingly, the United States Supreme Court has held that "Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation."[72]

At Mr. Roy's sentencing hearing, the judge said:

> Based on consideration of that guideline range and all 18 U.S.C. 3553(a) factors, the Court believes that a sentence of 72 months is sufficient, but not more than necessary, to address the defendant's offense conduct, to address his need for correctional treatment in the most effective manner, and to deter others from committing such offenses.[73]

---

[70]   18 U.S.C. § 3553(a)(2).

[71]   *United States v. Wooley*, 740 F.3d at 363.

[72]   *Tapia v. United States*, ___ U.S. ___, 131 S.Ct. 2382, 2391 (2011).

[73]   Rec. Doc. 60 at 68.

Mr. Roy argues that this comment was impermissible because it signalled that the district court had calculated his sentence for the purpose of promoting his receipt of rehabilitative treatment.

A sentencing court is not prohibited from "discussing the opportunities for rehabilitation within prison or the benefits of specific treatment. . . programs"[74] or even urging the Bureau of Prisons to place a prisoner in a particular program[75] so long as the need for rehabilitation is considered by the court to be a secondary concern or additional justification for the sentence.[76]  It is only when a defendant's rehabilitative needs are the dominant factor in sentencing that the sentencing decision violates the statute.[77]  Since the Supreme Court articulated this rule, the Fifth Circuit has "declined to find error when the district court merely advises the defendant of rehabilitative opportunities or expresses its hope that the defendant will take advantage of such rehabilitative programming while imprisoned."[78] The Fifth Circuit

---

[74]     *Tapia v. United States*, 131 S.Ct. at 2392.

[75]     *Tapia v. United States*, 131 S.Ct. at 2392.

[76]     *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014); *United States v. Garza*, 706 F.3d 655, 660 (5th Cir. 2013).

[77]     *United States v. Walker*, 742 F.3d at 616; *United States v. Garza*, 706 F.3d at 660.

[78]     *United States v. Wooley*, 740 F.3d at 365.  See, also, *United States v. Receskey*, 699 F.3d 807, 808 (5th Cir. 2012) (finding that district court's statement that it "would hope" the defendant would participate in rehabilitative programming was not erroneous).

has also found no error when the district court referred to the defendant's potential opportunity to participate in rehabilitative counseling services but also properly considered deterrence and the protection of the public when crafting the sentence.[79]

In this case, the sentencing court did not suggest that Mr. Roy should participate in a treatment program while incarcerated or recommend to the Bureau of Prisons that he be permitted to participate in any treatment program. More important, there is no indication that the court's primary or dominant reason for the length of the sentence imposed was to facilitate Mr. Roy's participation in a treatment program. Mr. Roy presented no evidence showing that the court calculated the length his sentence to ensure that he receives rehabilitative services while incarcerated. All the court did was to recognize that one of the factors listed in Section 3553(a)(2) is the need for correctional treatment. Because there is no evidence that the district court imposed or lengthened the term of imprisonment for the purpose of making Mr. Roy eligible for a counseling or rehabilitative program, the trial court judge did not err. Accordingly, the undersigned finds that the court's reference to "his need for correctional treatment" was innocuous and error-free.

---

[79]     *United States v. Wooley*, 740 F.3d at 365, citing *United States v. Tatum*, 512 Fed. App'x 402, 402 (5th Cir. 2013).

As noted above, an attorney is not ineffective when he fails to raise a meritless claim.  Counsel is not deficient for failing to press a frivolous point,[80] is not required to file meritless motions,[81] and is not required to make futile motions or objections.[82] Therefore, the undersigned finds that Mr. Roy's counsel was not ineffective for failing to object at sentencing to the trial court's reference to "his need for correctional treatment" in the sentencing colloquy.

To make out a claim for ineffective assistance of appellate counsel, a defendant must show that his counsel's performance was deficient and also that the deficient performance prejudiced his defense.[83]  The Constitution does not require an appellate attorney to advance every conceivable argument, regardless of merit.[84]  Instead, appellate counsel is required to raise and brief only those issues that counsel believes, in the exercise of professional judgment, to have the best chance of success.[85] Although appellate counsel should certainly assert all "solid, meritorious arguments,"

---

[80]      *Sones v. Hargett*, 61 F.3d at 415 n. 5.

[81]      *United States v. Gibson*, 55 F.3d at 179.

[82]      *Koch v. Puckett*, 907 F.2d at 527.

[83]      *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2013).

[84]      *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

[85]      See, e.g., *Willingham v. Cockrell*, 61 Fed. App'x 918 (5th Cir. 2003), citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

counsel has no obligation to raise every potential basis for appeal.[86]  "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available.  Rather, it means, as it does at trial, counsel performing in a reasonably effective manner."[87]  Similarly, an attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because assertion of the claim would not change the result of the proceeding.[88]

Since this claim lacks substantive merit, Mr. Roy cannot show that his counsel was deficient for failing to raise the issue on appeal or that he was prejudiced by his counsel's failure to raise the issue on appeal.  This ground for relief lacks merit.

**Ground 5.**  Counsel's Failure to Object to the Allegedly Improper Application of the Sentencing Guidelines

The presentence investigation report assigned a two-level enhancement of the offense computation pursuant to USSG § 2G2.1(b)(6).  The pertinent section of the sentencing guidelines states that two levels should be added if a computer is used to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct.

---

[86]      *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999).

[87]      *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) (internal citation omitted).

[88]      *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).  See, also, *Evitts v. Lucey*, 469 U.S. at 394.

Although it is undisputed that Mr. Roy used a computer to communicate with the undercover law enforcement officer concerning sexual activity, he argues that the enhancement is impermissible in this case because he did not actually communicate with a minor, only with an adult posing as a minor.  He alleges that his counsel failed to understand the sentencing guidelines and, therefore, failed to properly advise him concerning the content of the presentence investigative report and the operation of the sentencing guidelines.

There are two reasons why Mr. Roy's reasoning is flawed.  First, "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. . . .  Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."[89]  The jurisprudence is clear that issues dealing with the application of the Sentencing Guidelines, such as that raised by Mr. Roy here, are not jurisdictional or constitutional issues that are cognizable under Section 2255.[90]  Consequently, these issues can be raised in this

---

[89]    *United States v. Williamson*, 183 F.3d at 462.  See, also, *United States v. Segler*, 37 F.3d at 1134; *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).

[90]    *United States v. Smith*, 170 F.3d 184, 184 (5th Cir. 1999) (unpublished); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Ramirez*, 132 F.3d 1453, 1453 (5th Cir. 1997) (unpublished); *United States v. Vaughn*, 955 F.2d at 368; *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

motion only if Mr. Roy first demonstrates that these issues could not have been raised on direct appeal and, if not corrected, would result in a complete miscarriage of justice.[91]

To show that a complete miscarriage of justice would occur if the alleged errors of the trial court were not corrected, Mr. Roy would have to demonstrate that "the error[s] caused the defendant to be convicted of a crime of which he is innocent."[92] In this case, however, Mr. Roy pleaded guilty, and he does not allege that his plea was involuntary or that his conviction should, for any reason, be overturned. Therefore, he has no basis for arguing – and has not argued – that he is innocent of the crime of which he was convicted.

Second, Mr. Roy's argument ignores the fact that, for purposes of this guideline, the word "minor" is defined to include "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years."[93]  Accordingly, there was no valid basis for Mr. Roy's counsel to object to the enhancement and no issue to raise on appeal.

---

[91]    *United States v. Cervantes*, 132 F.3d at 1109, citing *United States v. Pierce*, 959 F.2d at 1301.

[92]    *United States v. Shaid*, 937 F.2d at 232.

[93]    U.S.S.G. § 2G2.1, comment. (n. 1).

As noted above, a claim for ineffective assistance of appellate counsel requires evidence that the attorney's performance was deficient and that the deficient performance was prejudicial.[94]  With regard to this issue, however, the attorney was not deficient for failing to raise a meritless issue and the failure to raise the issue did not prejudice Mr. Roy.

In summary, the undersigned finds that the limited scope of Section 2255 precludes review of this issue and, even if this issue could be raised in this motion, this grounds for reevaluating Mr. Roy's sentence lacks merit.

## D.   REQUEST FOR AN EVIDENTIARY HEARING

Mr. Roy requests an evidentiary hearing.[95]  However, Section 2255(b) states that a hearing is not necessary if "the files and records of the case conclusively show that the petitioner is entitled to no relief."  As discussed above, all five of Mr. Roy's grounds for relief lack merit.  Accordingly, the undersigned finds that no hearing is necessary and recommends that Mr. Roy's request for a hearing should be denied.

---

[94]     *Higgins v. Cain*, 720 F.3d at 260-61.

[95]     Rec. Doc. 63-1 at 19-20.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, it is the recommendation of the undersigned that the defendant's motion to vacate, set aside, or correct sentence (Rec. Doc. 63) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana this 19th day of March 2014.

Patrick J. Hanna
United States Magistrate Judge